## Case No. 13,498.

STOTESBURY et al. v. CADWALLADER
et al.

[31 Leg. Int. 229;[1] 10 Phila. 281.]

District Court, D. Pennsylvania. July 11,
1874.

BANKRUPTCY—SUITS BY ASSIGNEE—FORM OF AC-
TION—EQUITY JURISDICTION.

[1. It is no objection to the assignee's bring-
ing a suit to recover assets in the form of a
creditors' bill, that there are also other credit-
ors of the defendants; for in such a bill com-
plainant sues as one of a class for the benefit
of all members thereof who may become par-
ties.]

[2. In a suit brought by an assignee to re-
cover assets alleged to belong to a bankrupt
corporation, the subjects of litigation were
classified by the court under three heads: (1)
Property and effects traceable as investments,
products, or substitutes of the funds of the cor-
poration, in which no defendant had any pre-
tense or color of beneficial ownership; (2) prop-
erty and effects acquired with funds of uncer-
tain source, but as to which the burden of proof
was on the defendants to show a beneficial in-
terest therein; (3) property and effects which
were apparently the property of one of the de-
fendants, and as to which the burden was on
complainant to show the contrary. Held that,
in view of this threefold character, the case
was a proper one for equitable investigation
and remedies.]

[This was a libel in equity by Stotesbury
and others, assignees of the Franklin Sav-
ings Fund Society, bankrupts, against Cyrus
Cadwallader and others.]

CADWALADER, District Judge. This
case was heard upon the bill, and amended
and supplemental bill, and upon the answers
of certain defendants, and the respective
replications and upon certain proofs adduced,
among which was the examination of the
defendant, Cyrus Cadwallader, in the court
of bankruptcy, &c. Whereupon the court,
after hearing counsel, was of the' opinion
that the subjects of the litigation might be
considered under three heads, to wit: 1st.
Property and effects traceable, as invest-
ments, products or substitutes of the funds
of the bankrupt corporation, and in which
no defendant has any pretense or color of
beneficial interest. 2d. Properties and effects
acquired with funds of uncertain source, but
as to which the burden of proof is on the
defendants, who hold the apparent legal es-
tate, to show that the same are not bene-
ficially the bankrupt corporation's. 3d.
Property and effects which from the date
or mode of their acquisition are apparently
the defendant, Cyrus Cadwallader's. and as
to which the burden of proof is on the com-
plainants to establish the contrary. The
court was further of the opinion that the
complainants are entitled to an immediate
decree under the first and second heads, but
that as the pleadings now stand such decree
could not be carried into effect without an

[1] [Reprinted from 31 Leg. Int. 229, by permis-
sion.]

inquiry under each head before a master.
Under the third head the complainants
would not have any relief, as the bill is now
drawn. But it is amendable (and the case
has been discussed by counsel, as if it had
already been amended) by being converted
under this head into a creditor's bill. This
will be explained. The answer of the de-
fendant, Cyrus Cadwallader, suggests what,
at first view, might seem to impede any ac-
tion of the complainants under a creditor's
bill. He suggests that there are other cred-
itors who ought not to be affected by such a
bill. The answer to the objection is that
the complainants in such a bill would sue
as one of a class, and would sue in this re-
spect as well on their own behalf as on that
of all other creditors who may become par-
ties or may otherwise establish their right to
participate in the avails of the suit under
this head. If it be further objected that
execution at law would be the only proper
remedy under this head, the extraordinary
peculiarities of the case furnish an answer
to the objection.

The answer is, that the complainants are
(under the three-fold character of the sub-
jects) frustrated of all present available re-
course at law, by reason of the necessity of
equitable investigation for the discovery and
ascertainment of the proposed classification
of the subjects. This, I think, makes the
case a proper one for equitable redress
throughout. It is the only means of obtain-
ing prompt relief.

From what has appeared of the propor-
tional amount of the other debts, which is
comparatively very small, I incline to think
that a determination of the whole contro-
versy as to the three subjects might be
speedily reached without undue sacrifice by
the complainants of any right of the general
body of the creditors in bankruptcy. There
is no inconsistency in the complainants
claiming both as beneficiaries and as cred-
itors, and their claim in the latter capacity
is good until they obtain satisfaction by pay-
ment in the former capacity. Now their
amendments, as proposed, may be made by
giving in this alternative such an aspect to
their bill as to cover contingently all the sub-
jects of litigation as to which any possibili-
ty of doubt can be reasonably suggestable.
In this form of a creditors' bill a decree
can, perhaps, be made at once, dispensing
with inquiries before the master under the
first and second heads, and for the benefit of
other creditors of this defendant, giving to
the bill the character of a creditors' bill
throughout. But on this point a final opinion
cannot be pronounced without seeing the pro-
posed amendment, and a draught of the de-
cree proposed, and perhaps a draught also of
the conveyances, by which effect is to be
given to such decree. Of course there can
be no reservation of any benefit to this de-
fendant, Cyrus Cadwallader, or to any of
his family, as voluntary beneficiaries. But it

has been said that his wife is willing, for a small consideration, to unite in the conveyances in such manner as to bar her dower. If, for an amount not exceeding that which has been named, she will so unite, it would be a very judicious payment on the part of the complainants. She cannot be compelled to unite in the conveyances, and if her dower could, in Pennsylvania, be defeated, as perhaps it might be by forcing sales under the present bill, and its proposed amendment, this could not be done without increased expense, delay and complexity.